BENJAMIN B. WAGNER
United States Attorney
Jean M. Hobler
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:11-MC-00025-LKK-EFB |
| Plaintiff, ) | |
| v. ) | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $5,451.00 IN ) U.S. CURRENCY, and ) | |
| MISCELLANEOUS COUNTERFEIT ) GOODS, ) | |
| Defendants. ) | |
| _____) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On November 13, 2008, a Grand Jury in the Eastern District of California charged Jose Quevedo-Mesa ("Quevedo-Mesa") and Griselda Avila ("Avila") with violations of 18 U.S.C. § 371 - Conspiracy to Traffic in Counterfeited Goods and 18 U.S.C. § 2320(a) - Trafficking in Counterfeited Goods. The Indictment also contained a forfeiture allegation. See U.S. v. Jose Quevedo-Mesa, et al., 2:08-CR-00536-LKK.

2. If this matter proceeded to a forfeiture trial the government would show that from on or about April 29, 2008,

through on or about October 28, 2008, in the Eastern District of California, Quevedo-Mesa and Avila did conspire and agree with each other to intentionally traffic and attempt to traffic in goods, namely counterfeited handbags and wallets, knowingly using a counterfeit mark on and in connection with such goods, to wit, the spurious marks of Prada, Gucci, Dolce & Gabbana, Chanel, Louis Vuitton, and others, and did intentionally traffic and attempt to traffic in labels knowing that a counterfeit mark had been applied thereto, which counterfeit marks were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, the use of which was likely to cause confusion, mistake, and to deceive, all in violation of 18 U.S.C. § 2320(a).

    3.  Without admitting the truth of the factual assertions contained in the stipulation, Quevedo-Mesa and Avila specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Quevedo-Mesa and Avila agree that an adequate factual basis exists to support forfeiture of the defendant currency and the Miscellaneous Counterfeit Goods listed above.  Quevedo-Mesa and Avila hereby acknowledge that they are the sole owners of the defendant currency and the Miscellaneous Counterfeit Goods, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency and the Miscellaneous Counterfeit Goods, Quevedo-Mesa and Avila agree to hold harmless and indemnify the United States.

    4.  This Court has jurisdiction in this matter pursuant to

1  28 U.S.C. §§ 1345 and 1355, as this is the judicial district in
2  which acts or omissions giving rise to the forfeiture occurred.
3          5.   This Court has venue pursuant to 28 U.S.C. § 1395, as
4  this is the judicial district in which the defendant currency and
5  the Miscellaneous Counterfeit Goods were seized.
6          Based upon the above findings, and the files and records of
7  the Court, it is hereby ORDERED AND ADJUDGED:
8          6.   The Court adopts the Stipulation for Consent Judgment of
9  Forfeiture entered into by and between the parties.
10         7.   Upon entry of a Consent Judgment of Forfeiture, all
11 right, title, and interest in the defendant currency and
12 Miscellaneous Counterfeit Goods shall be forfeited to the United
13 States pursuant to 18 U.S.C. § 2323(a), to be disposed of
14 according to law.  Pursuant to 18 U.S.C. § 2323(a)(2), the Court
15 shall order that any forfeited article or component of an article
16 bearing or consisting of a counterfeit mark be destroyed or
17 otherwise disposed of according to law.
18         8.   That plaintiff United States of America and its
19 servants, agents, and employees and all other public entities,
20 their servants, agents, and employees, are released from any and
21 all liability arising out of or in any way connected with the
22 seizure and forfeiture of the defendant currency and
23 Miscellaneous Counterfeit Goods.  This is a full and final
24 release applying to all unknown and unanticipated injuries,
25 and/or damages arising out of said seizure, arrest, or
26 forfeiture, as well as to those now known or disclosed.  The
27 parties waived the provisions of California Civil Code § 1542.
28         9.   No portion of the stipulated settlement, including

statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence. The settlement was entered into by plaintiff United States and potential claimants Quevedo-Mesa and Avila for the purpose of compromising disputed claims under 18 U.S.C. § 2323, and should not be construed as, an admission of guilt or criminal culpability on the part of potential claimants Quevedo-Mesa and Avila.

10. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and the Miscellaneous Counterfeit Goods and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

11. All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.
DATED: March 15, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

**CERTIFICATE OR REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency and the Miscellaneous Counterfeit Goods.

DATED: March 15, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT